UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8742-CAS (JCGx) | Date | March 4, 2013 |
|---|---|---|---|
| Title | MARIO GOLLAS V. COUNTY OF LOS ANGELES, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Anne Kielwasser | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants | |
| No Appearance | Julie Fleming | |

**Proceedings:**   **DEFENDANT COUNTY OF LOS ANGELES'S MOTION TO DISMISS PORTIONS OF COMPLAINT** (filed January 31, 2013) [Dkt. No. 8]

## I.     INTRODUCTION & BACKGROUND

On October 12, 2012, plaintiff Mario Gollas filed suit against defendants County of Los Angeles, Los Angeles Sheriff's Deputies John Davoren, Dennis Missel, Sheriff's Sergeant Joseph Garrido, and fifty unknown named employees of the County of Los Angeles. Dkt. No. 1. Plaintiff asserts claims for (1) violation of his Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983; (2) Monell claim; (3) assault and battery; (4) false arrest and imprisonment; (5) violation of California Civil Code §§ 52 & 52.1; (6) torts in essence; (7) negligent hiring, training, and retention; and (8) negligence.

Plaintiff alleges the following facts in support of his claims. On September 3, 2011, plaintiff was walking home after visiting a friend in Carson, California, when Sergeant Garrido "tackled plaintiff to the ground," "punched plaintiff and pulled his hair," and pinned plaintiff underneath his body. Compl. ¶¶ 13, 15. Deputy Davoren also "punched and pulled plaintiff's hair," and "kicked plaintiff in the head." Id. ¶ 16. Deputy Missel then released a police canine named Duke for "a directed bite." Duke complied, biting plaintiff's "left arm and causing deep lacerations requiring stitches" and other "serious injury." Id. Thereafter, plaintiff was handcuffed "extremely tight" and taken to a police vehicle, as defendants "laughed at plaintiff." Id. ¶ 17. As a result of the incident, plaintiff continues to suffer "pain at the scar site, . . . difficulty sleeping, frustration, and depression." Id. ¶ 18.

On January 31, 2013, defendant County of Los Angeles filed the instant motion to dismiss portions of plaintiff's complaint. Dkt. No. 8. Plaintiff opposed the motion on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8742-CAS (JCGx) | Date | March 4, 2013 |
|---|---|---|---|
| Title | MARIO GOLLAS V. COUNTY OF LOS ANGELES, ET AL. | | |

February 11, 2013, and defendant replied on February 15, 2013.  The Court held a hearing on March 4, 2013.  After considering the parties' arguments, the Court finds and concludes as follows.

**II.    LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8742-CAS (JCGx) | Date | March 4, 2013 |
|---|---|---|---|
| Title | MARIO GOLLAS V. COUNTY OF LOS ANGELES, ET AL. | | |

Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III.   ANALYSIS

Defendant moves to dismiss plaintiff's claims for violation of Civil Code §§ 52 and 52.1, torts in essence, and negligence on two grounds. First, defendant argues that the Court lacks jurisdiction to adjudicate these claims, because plaintiff failed to include these claims in his notice of claim filed with the County. Second, even if the Court has subject matter jurisdiction over these three claims, defendant argues that plaintiff fails to state a claim upon which relief may be granted. Each argument is discussed in turn.

#### A.   California Tort Claims Act

The California Tort Claims Act ("CTCA"), Cal. Gov't Code § 900 et seq. provides that an individual cannot file a civil complaint against a public entity for personal injuries or property damage unless that claim is first presented to the pertinent public entity. Cal. Gov. Code § 911.2; Munoz v. State of California, 33 Cal. App. 4th 1767, 1776 (1995). Under the CTCA, a claim "relating to a cause of action for. . . injury to person. . . shall be presented. . . not later than six months after the accrual of the cause of action." Cal. Gov. Code § 911.2. The CTCA further provides that "no suit for money or damages may be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8742-CAS (JCGx) | Date | March 4, 2013 |
|---|---|---|---|
| Title | MARIO GOLLAS V. COUNTY OF LOS ANGELES, ET AL. | | |

brought against a public entity. . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board. . . ." Cal. Gov. Code § 945.4. Thus, under these provisions of the CTCA, failure to timely present a claim for money or damages to a public entity bars a plaintiff from bringing state law claims against that entity or its employees. Cal. Gov. Code § 950.2; see State of California v. Superior Court, 32 Cal. 4th 1234, 1239 (2004). Therefore, in order for plaintiff to bring these claims against a public entity such as the County of Los Angeles or its employees, plaintiff must allege facts demonstrating or excusing compliance with the CTCA.

A properly presented claim must contain, *inter alia*, "[t]he date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted"; "[a] general description of the . . . injury, damage or loss incurred so far as it may be known at the time of presentation of the claim"; and "[t]he name or names of the public employee or employees causing the injury . . . if known." Cal. Gov't Code § 910. The purpose of this claim presentation requirement is not to create a trap for the unwary, but "to give the government entity notice sufficient for it to investigate and evaluate the claim." Stockett v. Ass'n of California Water Agencies Joint Powers Ins. Auth., 34 Cal. 4th 441, 446 (2004). "So long as the policies of the claims statutes are effectuated, they should be given a liberal construction to permit full adjudication on the merits." Minsky v. City of Los Angeles, 11 Cal. 3d 113, 123 (1974).

Accordingly, California courts have interpreted this requirement as mandating that:

> If a plaintiff relies on more than one theory of recovery against the state, each cause of action must have been reflected in a timely claim. In addition, the factual circumstances set forth in the written claim must correspond with the facts alleged in the complaint; even if the claim were timely, the complaint is vulnerable to a demurrer if it alleges a factual basis for recovery which is not fairly reflected in the written claim.

Nelson v. State of California, 139 Cal. App. 3d 72, 79 (1982). However, the claim presented to a public entity "need not specify each particular act or omission later proven to have caused the injury." Stockett v. Ass'n of California Water Agencies Joint Powers Ins. Auth., 34 Cal. 4th 441, 447 (2004). Where "the complaint merely elaborates or adds further detail to a claim, but is predicated on the same fundamental actions or failures to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8742-CAS (JCGx) | Date | March 4, 2013 |
|---|---|---|---|
| Title | MARIO GOLLAS V. COUNTY OF LOS ANGELES, ET AL. | | |

act by the defendants," the allegations in a complaint will be allowed. Id. Only where a plaintiff has completely shifted his allegations, or made "an effort to premise civil liability on acts or omission committed at different times or by different persons than those described in the claim," is a complaint or particular cause of action barred. Blair v. Superior Court, 218 Cal. App. 3d 221, 225 (1990).

On February 28, 2012, plaintiff timely submitted claim forms to the County of Los Angeles and the Los Angeles County Sheriff's Department. See Decl. of Justin Strassburg Exs. A & C. In the submission to the County, plaintiff stated that:

> Claimant was walking on the street when he was tackled to the ground by unknown members of the LA Sheriff's Department, and an LASD police dog was then ordered to attack him. The police dog's bite lacerated [his] left arm and caused severe pain, nerve damage and significant scarring.

Id. Ex. A. He further claimed that "LASD used unreasonable force in the arrest of Claimant who had violated no law. LA County is responsible vicariously, and for negligent hiring, training, and supervision." Id.

Defendant argues that plaintiff's claims for violation of Civil Code §§ 52 and 52.1, torts in essence, and negligence are not included within the bounds of the notice of claim that plaintiff presented to the County, and therefore the Court lacks jurisdiction to hear these claims for relief. Mot. at 4. Relevant here, plaintiff's claim for violation of Civil Code §§ 52 and 52.1 is premised upon his allegation that "defendants used excessive force upon plaintiff . . . causing [him] to be detained, arrested and handcuffed with legal justification, [and] interfered with . . . [his] rights under the laws and Constitution of the United States and the State of California." Compl. ¶ 35. His claim for torts in essence alleges that defendants owed plaintiff "duties in accordance with Penal Code sections 118, 118.1, 127, 132, 134, 135, 136.1, 137, 148.5, 153, 182(2)–(5), 187, and 422.6," and that defendants failed to abide by these duties by assaulting and injuring plaintiff, and then conspiring to cover up their crimes "through perjury and false reports." Compl. ¶¶ 39–40. Finally, plaintiff's claim for negligence alleges that defendants "owe a duty of care to all citizens," and that defendants breached that duty through their actions. Id. ¶ 50.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8742-CAS (JCGx) | Date | March 4, 2013 |
|---|---|---|---|
| Title | MARIO GOLLAS V. COUNTY OF LOS ANGELES, ET AL. | | |

      The Court finds that plaintiff adequately presented all three of these claims to the County, although not with all of the factual premises that plaintiff alleges in his complaint. First, plaintiff's claim for violation of Civil Code §§ 52 and 52.1 is premised upon the exact same factual allegations that comprise his notice of claim: that defendants used excessive force in violation of his constitutional rights during the incident described therein. Thus, the factual allegations contained in the claim form put the County on notice of the "fundamental actions or failures to act by defendants" that plaintiff complains of by way of this particular claim for relief. See Stockett, 34 Cal. 4th at 447. Similarly, plaintiff's claim for negligence is based upon an alleged breach of defendant's duty of care owed to the general public, which arises out of the same incident described in plaintiff's notice of claim form. No additional notice to the County of the allegations comprising this claim was required. Dixon v. City of Livermore, 127 Cal. App. 4th 32, 42 (2005) (holding that a tort claim is not barred so long as it is not based on "a different factual basis from that alleged in the [notice of] claim").[1]

      Moreover, plaintiff's claim for torts in essence is generally encompassed within his notice of claim as well, relying on the allegations that defendants assaulted and injured plaintiff in violation of various statutory duties. However, plaintiff's allegations that defendants conspired to cover up their crimes through perjury and false reports is a wholly new basis on which plaintiff seeks to hold the public entity defendants liable, based on a different set of facts not contained within plaintiff's notice of claim. Because allegations that defendants committed perjury and made false reports regarding the incident do not appear to be based on the "same fundamental facts" contained in plaintiff's notice of claim, plaintiff may not base his torts in essence claim upon these particular allegations. See Stockett, 34 Cal. 4th at 450. To the extent that plaintiff's torts in essence claim is based upon other factual allegations, however, plaintiff's tort claim is "fairly reflected" in the notice of claim filed with the County. Accordingly, the Court denies defendant's motion to dismiss these three claims for failure to exhaust administrative remedies.

---

    [1] Defendant cites to Gatto v. County of Sonoma, 98 Cal. App. 4th 744, 765 (2002), for the proposition that a section 52.1 claim must be presented to a public entity in compliance with the CTCA. However, Gatto does not address the factual showing required in a notice of claim to provide the public entity with sufficient notice of a plaintiff's section 52.1 claim, which is the issue before the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8742-CAS (JCGx) | Date | March 4, 2013 |
|---|---|---|---|
| Title | MARIO GOLLAS V. COUNTY OF LOS ANGELES, ET AL. | | |

**B.    Motion to Dismiss for Failure to State a Claim**

   **1.    Violation of Civil Code § 52.1**

Civil Code section 52.1, also known as the Bane Act, prohibits a person from interfering or attempting to interfere "by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal. Civil Code § 52.1(a). "The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." Austin B. v. Escondido Union Sch. Dist., 149 Cal. App. 4th 860, 883 (2007). To succeed on a claim under this section, a plaintiff must prove that the defendant (1) interfered with the plaintiff's constitutional or statutory right by threatening or committing violent acts; (2) the plaintiff reasonably believed that such acts would be committed; (3) that the defendant injured plaintiff to prevent him from exercising his constitutional or statutory right or to retaliate against him for having exercised this right; (4) that plaintiff was harmed; (5) and that defendant's conduct was a substantial factor in causing this harm. Id. In general, "[a] defendant is liable if he or she interfered with or attempted to interfere with the plaintiff's constitutional rights by the requisite threats, intimidation, or coercion." Shoyoye v. County of Los Angeles, 203 Cal. App. 4th 947, 956 (2012).

Defendant argues that plaintiff fails to state a claim under section 52.1 because plaintiff has not alleged any threats, intimidation or coercion beyond the coercion that was inherent in the alleged underlying violation. Mot. at 6. The Court disagrees. The California Court of Appeal recently addressed the proper interpretation of section 52.1 in Shoyoye. First, the court held that section 52.1 does not extend to an alleged interference with constitutional rights that resulted from a person's negligent acts, at least in the case of an unreasonably prolonged detention of an individual. 203 Cal. App. 4th at 958. Because the unreasonable detention at issue in Shoyoye resulted only from the negligence of county employees, the court concluded that section 52.1 did not apply. The court distinguished the California Supreme Court's decision in Venegas v. County of Los Angeles, 32 Cal. 4th 820, 841–43 (2004), where the evidence could support a finding that the coercion at issue was "carried out in order to effect a knowing interference with [the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8742-CAS (JCGx) | Date | March 4, 2013 |
|---|---|---|---|
| Title | MARIO GOLLAS V. COUNTY OF LOS ANGELES, ET AL. | | |

plaintiffs'] constitutional rights." Shoyoye, 203 Cal. App. 4th at 961. Second, the Shoyoye court held that section 52.1 requires a showing of coercion "independent" from the coercion inherent in the alleged constitutional deprivation itself, at least in the case of a wrongful detention. Id. at 960.

Although federal district court decisions before Shoyoye have divided on the issue, the Court finds that plaintiff has adequately alleged coercion, threats, or intimidation on the part of defendants to state a potential claim under Cal. Civ. Code § 52.1.[2] In the course of the alleged incident, plaintiff may have been subjected to coercion, threats, or intimidation that were separate and apart from the alleged constitutional violation. See Venegas, 32 Cal. 4th at 841–43. At this stage of the proceedings, the Court cannot determine as a matter of law whether the coercion or intimidation that plaintiff alleges is sufficiently independent from the coercion inherent in the constitutional deprivation itself. Accordingly, defendant's motion to dismiss this claim is denied.

### 2. Torts in Essence

A "tort in se" or "tort in essence is the breach of a non-consensual duty owed another. Violation of a statutory duty to another may therefore be a tort and violation of a statute embodying a public policy is generally actionable even though no specific civil remedy is provided in the statute itself." Laczko v. Jules Meyers, Inc., 276 Cal. App. 2d 293, 295 (1969). As a general matter, "California courts have applied the 'tort in se' doctrine only where a specific civil remedy is unavailable for the violations of statutory duty." Chaconas v. JP Morgan Chase Bank, 713 F. Supp. 2d 1180, 1189 (S.D. Cal. 2010); see also Esteem v. City of Pasadena, No. 04-cv-0662, 2007 WL 4270360, at *23

---

[2] Compare Gant v. County of Los Angeles, 765 F. Supp. 2d 1238 (C.D. Cal. 2011) (finding that an independent showing of coercion is required) and Justin v. City & County of San Francisco, 2008 U.S. Dist. Lexis 36468, at *26 (N.D. Cal. May 5, 2008) (same), with Cole v. Doe, 387 F. Supp. 2d 1084, 1103 (N.D. Cal. 2005) (independent coercion or threat need not be pled) and Reyes v. City of Glendale, 05-cv- 0253, 2009 WL 2241602, at *21 (C.D. Cal. July 23, 2009) (finding that "plaintiff may be able to show sufficient coercion on the part of defendants so as to support a finding of liability under Cal. Civ.Code § 52.1," arising out of a wrongful detention).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-8742-CAS (JCGx) | Date | March 4, 2013 |
|---|---|---|---|
| Title | MARIO GOLLAS V. COUNTY OF LOS ANGELES, ET AL. | | |

(C.D. Cal. Sept. 11, 2007) ("a tort 'in essence' is superfluous when the law already provides for a tort in substance").

Defendant argues that plaintiff fails to state a claim for torts in essence, because the California Penal Code sections upon which plaintiff attempts to base his claim do not create private rights of action. Mot. at 7. Whether or not these Penal Code provisions create private rights of action, however, a tort in essence claim may be available based upon alleged violations of these statutes in some circumstances. See S. Bay Bldg. Enterprises, Inc. v. Riviera Lend-Lease, Inc., 72 Cal. App. 4th 1111, 1123 (1999) (recognizing tort in essence based upon alleged violation of civil code section that lacked a private right of action). The more pertinent question on this motion is whether plaintiff adequately pleads a tort in essence claim, and whether this claim is merely superfluous to other tort claims available to plaintiff.

The Court finds that plaintiff has made no factual allegations that can support his torts in essence claim to the extent that it is premised upon violations of Penal Code sections: 118 (perjury); 118.1 (false police reports); 127 (subordination of perjury); 132 (offering false evidence); 134 (preparing false evidence); 135 (destroying evidence); 136.1(knowing & malicious prevention and dissuasion); 137 (inducing false testimony or withholding true testimony); 148.5 (false report of criminal offense); 153 (compounding or concealing crimes); 182(2), (3), (5) (conspiracy to indict another for a crime); and 187 (murder). See Compl. ¶ 39. Plaintiff's conclusory allegation that defendants "conspired against plaintiff in an attempt to cover up their own crimes by their perjury and false reports," is insufficient to support a torts in essence claim based upon violations of the relevant Penal Code provisions. In addition, Penal Code section 422.6 cannot support plaintiff's torts in essence claim, as this claim is merely duplicative of plaintiff's claim under the Banes Act, discussed *supra*. See Cal. Penal Code § 422.6 (establishing analogous criminal sanctions for conduct proscribed by Civil Code § 52.1). Accordingly, the Court grants defendants' motion to dismiss plaintiff's torts in essence claim without prejudice.

### 3. Negligence

Defendant moves to dismiss plaintiff's claim for negligence, arguing that a public entity may not be held liable for an injury except as provided for by statute. Mot. at 8. See Gov't Code § 815(a) ("A public entity is not liable for an injury, whether such injury

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Case No. | CV 12-8742-CAS (JCGx) |
| Date | March 4, 2013 |
| Title | MARIO GOLLAS V. COUNTY OF LOS ANGELES, ET AL. |

arises out of an act or omission of the public entity or a public employee or any other person," except where provided by statute.); Searcy v. Hemet Unified Sch. Dist., 177 Cal. App. 3d 792, 802 (1986). Under California law, a plaintiff may not proceed by simply alleging that "'defendant had a duty under the law'; that is a conclusion of law, not an allegation of fact." Searcy, 177 Cal. App. 3d at 802.

Plaintiff has not opposed defendant's motion to dismiss on this ground, as plaintiff has merely alleged that "[d]efendants owed a duty of care to all citizens." Compl. ¶ 50. Accordingly, the Court grants defendant's unopposed motion to dismiss plaintiff's negligence claim without prejudice.

## IV. CONCLUSION

In accordance with the foregoing, the Court GRANTS in part and DENIES in part defendant County of Los Angeles's motion to dismiss. If plaintiff wishes to amend his complaint to allege claims for negligence or torts in essence, plaintiff must do so on or before March 25, 2013.

IT IS SO ORDERED.

| | 00 | : | 01 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |